## FULLER v. ST. PAUL METHODIST EPISCOPAL CHURCH et al. (No. 8416.)

(Court of Civil Appeals of Texas. Galveston. Nov. 26, 1923.)

Appeal and error ⊚⇒907(3)—Findings assumed supported by evidence, in absence of statement of facts or briefs.

In the absence of statement of facts or brief for appellant attacking the findings of the lower court, it must be assumed that there was evidence to support same.

Appeal from District Court, Anderson County; W. R. Bishop, Judge.

Action by the St. Paul Methodist Episcopal Church and others against M. Q. A. Fuller. Judgment for plaintiffs, and defendant appeals. Affirmed.

N. B. Morris, Jr., and W. R. Petty, both of Palestine, for appellees.

LANE, J. This is a suit in trespass to try title, brought by M. Q. A. Fuller, appellant, against St. Paul Methodist Episcopal Church of Palestine, Tex., C. H. Pemilton, pastor of said church, and B. F. Johnson and seven others as trustees of said church, and against a large number of other persons whose names it is unnecessary to mention, to recover title and possession of lot 65 in Block B8 of subdivision A of the Texas Land Company's addition to the city of Palestine.

The title asserted by the plaintiff is by the statutes of limitation of 3, 5, and 10 years, as well as under an alleged deed of conveyance from the trustees of the defendant St. Paul Methodist Episcopal Church.

Defendants answered and alleged that the instrument under which the plaintiff claimed title was but a mortgage, given to secure a certain note for the sum of $150 executed by said trustees to the plaintiff, and that any possession the plaintiff has or ever had of said property was by virtue only of said mortgage; that he was placed in possession of the property with the understanding and agreement that he would rent the property, collect the rents, and apply the proceeds to the discharge of said $150 note; that plaintiff did rent said property and collect said rents and appropriated the same to his own use, and that the sum received by plaintiff from said rents was more than sufficient to pay off and discharge said note. They also denied that plaintiff held title by limitation pleaded by him. Defendants prayed for judgment over against the plaintiff for $1,000.

The cause was tried by the court without a jury, and judgment was rendered decreeing that the St. Paul Methodist Episcopal Church recover title and possession of the property; that the plaintiff take nothing from any of the defendants, and that defendants take nothing by their cross-action. From the judgment so rendered M. Q. A. Fuller has appealed.

Upon request of appellant for findings of fact and conclusions of law, the trial court filed the following:

"(1) * * * That on December 1, 1908, the trustees of the St. Paul Methodist Episcopal Church of Palestine executed and delivered to plaintiff a mortgage on the property described in the plaintiff's petition, to secure a debt due plaintiff by said church in the sum of $150.45.

"(2) That on said date said trustees executed and delivered to plaintiff their promissory note for said sum of $150.45 with 10 per cent. interest from date and due on or about December 1, 1910.

"(3) That at the time said deed and mortgage was executed and delivered it was agreed that plaintiff should take charge of said property and collect the rents and pay all the taxes and upkeep.

"(4) That since said date plaintiff has collected from the rents of said property an amount more than sufficient to pay all taxes and upkeep of said property, and also an amount sufficient to pay in full said note with all interest due thereon, and that said note has been paid in full."

"Conclusion of Law.

"I find that the plaintiff has no title to said property, and defendants are entitled to recover of and from plaintiff the title to same."

There has been no statement of facts filed in this court, nor has there been any brief or briefs filed for appellants attacking the findings of the court, and we must therefore as-

---

sume that there was evidence to support the facts found by the trial court and the judgment rendered, and, having so assumed, the judgment is affirmed.

Affirmed.